**SOUTHERN SNOW MANUFAC-
TURING CO., et al.,**

v.

**SNO WIZARD HOLDINGS, INC., et al.**

Civil Action Nos. 06–9170,
09–3394, 10–791.

United States District Court,
E.D. Louisiana.

April 18, 2011.

Mark Edw. Andrews, Andrews Arts & Sciences Law, LLC, New Orleans, LA, for Southern Snow Manufacturing Co., et al.

Kenneth L. Tolar, Kenneth L. Tolar, APLC, Jack Edward Morris, Jack E. Morris, Attorney at Law, Metairie, LA, Brad Elliot Harrigan, Simeon B. Reimonenq, Jr., Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, Brock Darren Dupre, U.S. Attorney's Office, New Orleans, LA, for Southern Snow Manufacturing Co., et al. and SNO Wizard Holdings, Inc., et al.

## ORDER AND REASONS
### (Ref: All cases)

JAY C. ZAINEY, District Judge.

Before the Court is a **Motion for Partial Summary Judgment Concerning Metatags (Rec. Doc. 282)** filed by defendant SnoWizard Inc. Plaintiffs Southern Snow Manufacturing, et al. oppose the motion. The motion, set for hearing on March 30, 2011, is before the Court on the briefs without oral argument.

The factual and procedural background for these consolidated cases is contained throughout the record in the Court's rulings on the parties' numerous motions, most recently with respect to the Court's ruling on Plaintiffs' false advertising claims. (Rec. Doc. 332). It need not be repeated here.

SnoWizard now moves for summary judgment on all claims concerning the hidden use of SOUTHERN SNOW® and FLAVOR SNOW® in metatags and/or hidden text on its website. Relying heavily on the Court's reasons when it granted summary judgment as to SnoWizard's metatag infringement claims (Rec. Doc. 260), SnoWizard argues *inter alia* that Plaintiffs lack evidence to demonstrate likelihood of confusion.

When SnoWizard first moved to dismiss Plaintiffs' metatag claims for failure to state a claim the Court explained:

> Liability for trademark infringement hinges on whether a likelihood of confusion exists between the marks at issue. *Elvis Presley Enters., Inc. v. Capece,* 141 F.3d 188, 193 (5th Cir.1998) (*citing Soc. of Fin. Exam'rs v. Nat'l Ass'n, of*

*Cert. Fraud Exam'rs, Inc.,* 41 F.3d 223, 227 (5th Cir.1995)). At the pleading stage the Court is not concerned with whether a reasonable fact finder could ultimately agree with Plaintiffs' contentions as to confusion but whether the complaint states a claim for relief. Not only would the Court engage in reversible error by attempting to adjudicate the confusion issue at the pleading state, but at least one circuit court has specifically found that the conduct complained of in this case with respect to hidden text and metatags states a claim for trademark infringement. *See Brookfield Commun., Inc. v. W. Coast Entertainment Corp.,* 174 F.3d 1036 (9th Cir. 1999). The *Brookfield* opinion is a thorough and well-reasoned opinion and the Court has no reason to believe that the Fifth Circuit would not also recognize a claim for relief based on the presence of metatags and hidden text in website programming. Whether the Plaintiffs can ultimately prevail on the claim is a question for another day. But the Court is not persuaded that it can conclude as a matter of law that using hidden text and metatags of registered trademarks to manipulate internet search results does not result in a likelihood of confusion sufficient to support an infringement claim.

Rec. Doc. 162, at 4–5. Subsequently, when Plaintiffs moved for summary judgment on SnoWizard's metatag counterclaims the Court rejected SnoWizard's contention that use of a party's trademark in a website metatag creates likelihood of confusion as a matter of law. The Court explained:

A claim for trademark infringement, whether based on website metatags or otherwise, ultimately turns on whether one mark is likely to cause confusion with another. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.,* 576 F.3d 221, 226 (5th Cir.2009) (*citing Marathon Mfg. Co. v. Enerlite Prods. Corp.,* 767 F.2d 214, 217 (5th Cir.1985)). "Likelihood of confusion" is more than a mere possibility; the plaintiff must demonstrate a probability of confusion. *Id.* (*citing Bd. of Supv. v. Smack Apparel,* 550 F.3d 465, 478 (5th Cir.2008)). Likelihood of confusion is typically a question of fact, but summary judgment is proper if the "record compels the conclusion that the movant is entitled to judgment as a matter of law." *Id.* at 227 (*quoting Smack Apparel,* 550 F.3d at 474). Obviously, the burden of proving likelihood of confusion is going to rest with the plaintiff.

Rec. Doc. 260, at 4–5.

In support of the motion for summary judgment *sub judice,* SnoWizard contends that the reasoning that the Court used when granting summary judgment in Plaintiffs' favor as to SnoWizard's metatag claims compels the same result now that SnoWizard is moving for summary judgment on Plaintiffs' metatag claims. Specifically, SnoWizard interprets the Court's ruling to mean that expert testimony regarding internet search engines is a mandatory requirement in a metatag infringement case. And given that Plaintiffs have not produced such an expert in support of their metatag claims, consistency requires that summary judgment be granted in favor of SnoWizard.

The Court's prior ruling does not stand for the proposition that expert testimony regarding internet search engines is a mandatory requirement in a metatag infringement case. As a practical matter, it may very well be a requirement but that is not what the Court held. The Court held that likelihood of confusion, which is the lynchpin of *any* claim for trademark infringement, is not established as a matter of law based solely on the alleged's infringer having used the trademark as a website

metatag. Likelihood of confusion must be proven as with any other infringement suit. Not only did SnoWizard lack any evidence as to likelihood of confusion, but its claims suffered from the additional infirmity that the alleged infringer had not even used the actual SNOWIZARD® trademark in its website. The Court was willing to assume that "snow wizard" would constitute a use in commerce of SNOWIZARD®, an assumption that in and of itself could be legally erroneous, but the Court was not willing to speculate as to what the practical consequences might be when one imbeds "snow wizard" in a website. Evidence of this sort, whether via expert or otherwise, is necessarily a first step in the likelihood of confusion determination. No reasonable fact-finder could have found a likelihood of confusion based solely on proof that Plaintiffs had imbedded "snow wizard" in their website.

In contrast, Plaintiffs have the type of evidence that SnoWizard lacked for its metatag claims. Plaintiffs have produced screen results from actual internet searches to demonstrate the results that attained when SnoWizard imbedded Plaintiffs' actual trademarks in its website either as metatags or hidden text. Plaintiffs' evidence demonstrates, for example, that when a user runs "southern snow flavor snow" as a Google search, SnoWizard's website is listed first in the results *before* Plaintiffs' own website. Thus, Plaintiffs have at least gotten a walk from home plate but that does not mean that they get a free pass to second or third base, much less that they score a run.

Again, the analysis for these trademark infringement claims must always comes back to likelihood of confusion. The question is whether Plaintiffs' evidence creates an issue of fact as to likelihood of confusion.

■ The Court examines the following non-exhaustive "digits of confusion" in evaluating likelihood of confusion: 1) the type of trademark, 2) mark similarity, 3) product similarity, 4) outlet and purchaser identity, 5) advertising media identity, 6) defendant's intent, 7) actual confusion, and 8) care exercised by potential purchasers. *Xtreme Lashes*, 576 F.3d at 227 (*quoting Smack Apparel*, 550 F.3d at 478). No one factor is dispositive and the factors or "digits" may weigh differently from case to case, depending of course on "the particular facts and circumstances involved." [1] *Xtreme Lashes*, 576 F.3d at 227 (*quoting Marathon*, 767 F.2d at 218). The "digits" of confusion "do not apply mechanically to every case and can serve only as guides, not as an exact calculus." *Am. Cent. Prop. Holdings, Inc. v. Am. Cent. Cas. Co.*, 295 Fed.Appx. 630, 634 (5th Cir.2008) (unpublished) (*quoting Scott Fetzer Co. v. House of Vacuums, Inc.*, 381 F.3d 477, 485 (5th Cir.2004)).

■ Under the likelihood of confusion test, the plaintiff must prove that the defendant's use of its mark "creates a likelihood of confusion in the minds of potential customers as to the 'source, affiliation, or sponsorship'" of the defendant's services. *Id.* (*quoting Westchester Media v. PRL USA Holdings, Inc.*, 214 F.3d 658, 663 (5th

---

1. In *College Network, Inc. v. Moore Educational Publishing, Inc.*, the Fifth Circuit applied the foregoing standard test for likelihood of confusion to an internet keyword search engine case. 378 Fed.Appx. 403, 414 (5th Cir. 2010) (unpublished). The Fifth Circuit noted that it had never adopted the "controlling troika or internet trinity" test that the Ninth Circuit had been using in internet advertising cases. *Id.* The Ninth Circuit has since rejected the notion that the internet troika is the appropriate test in every case of internet infringement. *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137 (9th Cir.2011).

Cir.2000)). "Likelihood of confusion is synonymous with a probability of confusion, which is more than a mere possibility of confusion." *Id.* While likelihood of confusion is typically a question of fact, summary judgment is proper if the "record compels the conclusion that the movant is entitled to judgment as a matter of law." *Xtreme Lashes,* 576 F.3d at 227 (*quoting Smack Apparel,* 550 F.3d at 474).

■ Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James,* 276 F.3d 754, 759 (5th Cir.2002) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile,* 10 F.3d 1093, 1097 (5th Cir.1993)).

■ Turning now to Plaintiffs' claims that SnoWizard infringed SOUTHERN SNOW® and FLAVOR SNOW® by placing those marks in its website, the Court begins it analysis with the eight digits of confusion. The 1) type of trademark refers to its strength in terms of distinctiveness. The parties did not address this point in conjunction with the instant motion but in prior motions SnoWizard has contended that both marks are either generic or descriptive. The Court has already rejected the contention that these federally-registered marks are generic, and the marks are at the least merely descriptive. Nonetheless, the Court has never seen evidence of the strength of the acquired distinctiveness that the marks purport to possess so the Court deems this digit neutral.

The digits of 2) mark similarity, 3) product similarity, 4) outlet and purchaser identity, and 5) advertising media identity, all unarguably weigh in favor of Plaintiffs. SnoWizard used Plaintiff's trademarks verbatim in its website, the parties directly compete to sell the same products to the same pool of potential customers using the same type of sales media.

No evidence has been presented of digit 6) defendant's intent. SnoWizard has explained that it legitimately uses the trademarks in its website because it repairs Southern Snow and Flavor Snow brand snowball machines. The Court finds this digit to be neutral.

Plaintiffs have no evidence of digit 7) actual confusion, notwithstanding that Plaintiffs believe that SnoWizard used the trademarks in its website for about four years. This digit weighs against Plaintiffs.

Finally, no evidence of digit 8) care exercised by potential purchasers, has been offered. In other briefings, however, the parties have emphasized that the parties'

customer base consists of snowball stand owners and other wholesalers/vendors who sell to snowball stand owners. Potential purchasers are therefore other business people, some likely more savvy than others, but business people nonetheless. The parties do not sell their products directly to the less-caring, consuming public. This digit may be neutral but in light of the objective facts it more likely weighs against Plaintiffs, absent any evidence to the contrary.

■ Thus, the "mechanical" tally for the eight digits of confusion gives four in favor of Plaintiff, two neutral, and two against. But the Fifth Circuit has cautioned that the digits are merely a guide and that the weight to be given to the various digits may vary depending on the facts of each case. For instance, in this case 2) mark similarity is 100 percent satisfied because SnoWizard used Plaintiffs' marks verbatim. But with internet metatags, keywords, and hidden text the user never actually sees the trademarks or knows that they are in use. The customer is not likely going to be confused by the similarity in a mark whose presence is completely hidden from view. It would seem logical then that mark similarity in a metatag or hidden text case is not going to be a digit that will weigh heavily in the plaintiff's favor when assessing likelihood of confusion.

■ The 7) actual confusion digit is another digit that the Court finds should be given more weight in this case. Plaintiffs estimate that SnoWizard used their marks in its website for about four years. The absence of actual confusion over an extended period of time of concurrent sales weighs against a likelihood of confusion. *Am. Cent. Prop. Holdings,* 295 Fed.Appx. at 637 (*quoting Elvis Presley Enters.,* 141 F.3d at 204).

Moreover, because Plaintiffs' only evidence in support of likelihood of confusion is the screen print of the Google search results, the Court is persuaded that evidence of actual confusion is even more crucial in this case. The fact that SnoWizard's website appears in the search list for "southern snow flavor snow" ahead of Plaintiffs' listing does not necessarily suggest an association or connection between the companies or their products, or that any prospective buyers would be likely to confuse the two companies. And SnoWizard makes a valid point in that one cannot make assumptions about the searcher's objectives when he types "southern snow flavor snow" or some part or combination of that phrase into an internet search engine. The user is not necessarily trying to locate Plaintiffs' website because other vendors like SnoWizard service their machines.

It is undisputed that Plaintiffs have no evidence of actual confusion, and while they do not need evidence of actual confusion to prove a likelihood of confusion, it still remains that even meager evidence of actual confusion will go a long way in avoiding summary judgment on the issue of likelihood of confusion. *See, e.g., Xtreme Lashes,* 576 F.3d at 230.

The bottom line is that the mere fact that SnoWizard's website listing appears in the search list for "southern snow flavor snow" ahead of Plaintiffs' listing does not necessarily suggest that any prospective buyer will be confused into believing that the competitors are associated or affiliated, that SnoWizard is one of Plaintiffs' product lines, or that SnoWizard is a pseudonym for Southern Snow or Flavor Snow. Again, the potential consuming public at issue in this case are business people. Moreover, the internet and its vast search capabilities are no longer new to society as a whole, and this is especially true for the more popular search engines like Google. It is highly unlikely that the snowball stand

owners who run internet-based searches when purchasing supplies are so utterly unfamiliar with how Google searches work so as to believe that SnoWizard might be affiliated with Plaintiffs' companies simply because the SnoWizard listing appears in the search results. In fact, the Court would posit that the potential buyers are well-familiar with these highly successful companies who have all been in the snowball business for years.

For all of the foregoing reasons, the Court is persuaded that Plaintiffs have failed to create an issue of fact as to likelihood of confusion. SnoWizard is entitled to judgement as a matter of law.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment Concerning Metatags (Rec. Doc. 282)** filed by defendant SnoWizard Inc. is **GRANTED** explained above.